# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| ANTONIO AGUIRRE VILLA, | |
| Petitioner, | |
| v. | 5:25-cv-089 |
| TONY NORMAND, et al., | |
| Respondents. | |
| JORGE ALBERTO REYES MARTINEZ, | |
| Petitioner, | |
| v. | 5:25-cv-090 |
| WARDEN OF FOLKSTON ICE PROCESSING CENTER, et al., | |
| Respondents. | |
| JESUS VAZQUEZ GONZALEZ, | |
| Petitioner, | |
| v. | 5:25-cv-091 |
| WARDEN OF FOLKSTON ICE PROCESSING CENTER, et al., | |
| Respondents. | |
| JOSE MONTES ESPARZA, | |
| Petitioner, | |
| v. | 5:25-cv-097 |
| WARDEN, FOLKSTON ICE PROCESSING CENTER, et al., | |
| Respondents. | |

| | |
|---|---|
| GUSTAVO RAMOS CAMPOS,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF FOLKSTON ICE<br>PROCESSING CENTER, et al.,<br><br>    Respondents. | 5:25-cv-100 |
| BENJAMIN BOIZO MARTINEZ,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FOLKSTON ICE<br>PROCESSING CENTER, et al.,<br><br>    Respondents. | 5:25-cv-103 |
| OSCAR G. GONZALEZ RENDON,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>    Respondents. | 5:25-cv-104 |
| MARCIO DE SILVA BALBINO,<br><br>    Petitioner,<br><br>    v.<br><br>LADEON FRANCIS, et al.,<br><br>    Respondents. | 5:25-cv-114 |

| | |
|---|---|
| ESVIN SANDOVAL HERNANDEZ-SANCHEZ,<br><br>     Petitioner,<br><br>     v.<br><br>KRISTI NOEM, et al.,<br><br>     Respondents. | 5:25-cv-115 |
| EUCARIO BARRERA ROSAS,<br><br>     Petitioner,<br><br>     v.<br><br>TONY NORMAND, et al.,<br><br>     Respondents. | 5:25-cv-117 |
| JUAN HUMBERTO AGUILAR VEYNA,<br><br>     Petitioner,<br><br>     v.<br><br>TONY NORMAND, et al.,<br><br>     Respondents. | 5:25-cv-121 |
| LAURO MARTINEZ MATIRES,<br><br>     Petitioner,<br><br>     v.<br><br>LADEON FRANCIS, et al.,<br><br>     Respondents. | 5:25-cv-126 |

| | |
|---|---|
| ORLANDO JOSE CARDENA PICHARDO,<br><br>    Petitioner,<br><br>    v.<br><br>TONY NORMAND, et al.,<br><br>    Respondents. | 5:25-cv-130 |
| EBLER ALBERTO BARCOS VELASQUEZ,<br><br>    Petitioner,<br><br>    v.<br><br>TONY NORMAND, et al.,<br><br>    Respondents. | 5:25-cv-131 |
| RONNY RONALDO SUQUI VILLA,<br><br>    Petitioner,<br><br>    v.<br><br>TONY NORMAND, et al.,<br><br>    Respondents. | 5:25-cv-132 |
| ALEJANDRO MEDINA SALDANA,<br><br>    Petitioner,<br><br>    v.<br><br>TONY NORMAND, et al.,<br><br>    Respondents. | 5:25-cv-133 |

**ORDER**

Petitioners in each of the above-captioned cases seek writs of habeas corpus. All petitioners are non-citizens who were previously residing in the United States and who are now in Immigration and Customs Enforcement ("ICE") custody. Petitioners all allege they were illegally denied bond due to the Department of Homeland Security's ("DHS") decision to classify them as "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Petitioners allege their detentions are properly governed by 8 U.S.C. § 1226(a), which allows for bond subject to a hearing. As explained below, these cases are consolidated to ensure expedited adjudication of these petitions and to minimize additional briefing on the discrete issue of petitioners' entitlement to a bond hearing.[1]

Federal Rule of Civil Procedure 42(a) gives the Court discretion to consolidate actions "involv[ing] common question[s] of law or fact." Fed. R. Civ. P. 42(a); Young v. City of Augusta, Ga., 59 F.3d 1160, 1168 (11th Cir. 1995). The Eleventh Circuit has encouraged district courts to "make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting Dupont v. S. Pac.

---

[1] The Court recognizes that the factual circumstances and some arguments may differ from petition to petition, but the central legal issue (i.e., whether § 1225 or § 1226 governs their petitions) is identical.

Co., 366 F.2d 193, 195 (5th Cir. 1966)).  Here, the legal question in these cases is identical.  Thus, allowing these cases to proceed separately poses an obvious "risk of inconsistent adjudications of common factual and legal issues" and "[unnecessary] burden[s] on parties, witnesses, and [] judicial resources."  Hendrix, 776 F.2d at 1495 (quoting Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)).  There is therefore good cause to consolidate these cases.

The Clerk is **DIRECTED** to consolidate Case Nos. 5:25-cv-090, 5:25-cv-091, 5:25-cv-097, 5:25-cv-100, 5:25-cv-103, 5:25-cv-104, 5:25-cv-105, 5:25-cv-114, 5:25-cv-115, 5:25-cv-117, 5:25-cv-121, 5:25-cv-126, 5:25-cv-130, 5:25-cv-131, 5:25-cv-132, 5:25-cv-133 into Case No. 5:25-cv-089, the operative case.  Consolidating these cases does not require any pleadings, briefs or motions to be re-filed.

The Magistrate Judge issued a Report and Recommendation in Case No. 5:25-cv-89, Villa v. Normand, et al. (the operative case), recommending that the Court grant a portion of the petition in that case.  Specifically, the Magistrate Judge recommends that the Court conclude that the petitioner in that case is properly governed by 8 U.S.C. § 1226(a), and, therefore, is entitled to habeas relief.

The Government shall file one set of objections in 5:25-cv-89, with the understanding that the reasoning and ruling in the Report and Recommendation will apply to petitioners in all

consolidated cases set forth in the caption above.  Aside from the objections, no additional briefing on the issues raised in the R&R is necessary.

Additionally, if the Court adopts the Magistrate Judge's Recommendation, the Court's Order will render moot all pending motions for temporary restraining order, for preliminary injunction, and for other interim relief that have been filed in the consolidated cases.  Consequently, any deadlines for additional briefing in the consolidated cases are stayed until the Court rules on the Recommendation.

Finally, the Court notes that the primary legal issue in these petitions is identical, but relief may differ depending on the petitioner.  Some of the petitioners were previously granted bond, but the bond was later vacated or reversed.  Other petitioners have not received any bond hearing.  If the Court adopts the Magistrate Judge's Report and Recommendation, the Court will address the proper form of relief in its subsequent order (e.g., release pursuant to an immigration judge's previous bond conditions, release without any conditions, or a new bond hearing before an immigration judge).  The Respondents and Petitioners need not address the scope of appropriate relief until the Court considers the Magistrate Judge's Recommendation.

**SO ORDERED**, this ___5___ day of November, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA